UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RENARDO WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-532-B-W |
| | ) |
| MARTIN MAGNUSSON, COMMISSIONER, | ) |
| MAINE DEPT. OF CORRECTIONS, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Renardo Williams is serving a sixteen-year sentence for drug trafficking. Williams has filed a 28 U.S.C. § 2254 petition seeking federal review of the State of Maine's failure to credit him with 384 days[1] of time served prior to his Maine conviction. According to the answer filed by the State of Maine, Williams has not pursued a direct appeal or post-conviction relief, a prerequisite for 28 U.S.C. § 2254 review due to the § 2254(b)(1) exhaustion of remedies requirement.[2] The State also argues that Williams is barred from seeking § 2254 relief because his 28 U.S.C. § 2244(d)(1) statute of limitation ran on May 3, 2009.

In a pleading entitled "Notice of Withdrawal without Finding" Williams indicates that he is pursuing state post-conviction relief and is asking the clerk to send him a copy of his first post-conviction he asserts he filed in 2009. (Doc. No. 12.) So, while the State represents that there is and has been no post-conviction proceeding involving Williams, Williams maintains that there is. Based on Williams's representation it is possible that he filed a post-conviction prior to the running of his § 2244(d)(1) statute of limitation period, although I am a little dubious because the

---

[1] Williams does also use the figure of 335 days in his summation section of his memorandum. (Doc. No. 1 at 7.)

[2] Williams did file a Maine Rules of Criminal Procedure Rule 35 motion to correct or reduce his sentence which was denied by the Superior Court without prejudice to Williams's post-conviction remedies. (Doc. No. 7 at 14.)

State has always been very thorough in presenting a summary of the state court procedural history in responding to § 2254 petitions.

I am confident based on the answer filed by the State that at this juncture Williams is not entitled to § 2254 review of his claim concerning a failure to properly credit his sentence. However, rather than recommending that the Court deny § 2254 relief outright on statute of limitations or failure to exhaust grounds, I recommend that the court dismiss this § 2254 petition without prejudice to Williams's ability to bring his federal petition should he be able to properly exhaust his state court remedies, demonstrate that his claim is not barred by the independent and adequate state law ground doctrine, and show that his § 2254 petition is timely under § 2244(d).[3] This disposition is in keeping with Williams's request of "Withdrawal without Findings" and is far preferable from a court administration standpoint to Williams's suggestion that the court hold the current § 2254 in abeyance.  Holding a § 2254 petition in abeyance is an alternative that this court chooses only when it is clear that there is tangible evidence of an ongoing state court proceeding relevant to the federal petition that is progressing towards a conclusion within the foreseeable future.

## Conclusion

For the reasons stated above, I recommend that the Court dismiss Williams's 28 U.S.C. § 2254 petition without prejudice.  I further recommend that a certificate of appealability should not issue in the event Williams files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[3]    In other words, Williams is on notice that he cannot return to this court with a new § 2254 petition if he cannot overcome the significant hurdles that seem to be lurking vis-à-vis his claim.

NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

            /s/ Margaret J. Kravchuk
            U.S. Magistrate Judge

February 19, 2010.